TAYLOR v. PROSSER

1. CONTRACTS—OPTIONS TO COMPEL REPURCHASE—PREMATURE ACTION
—SUMMARY JUDGMENT.
   Summary judgment for defendants in action by plaintiff to re-
   cover money paid under a contract to buy an interest in a
   business on grounds that action was premature as being com-
   menced before dates of option of plaintiff to compel repurchase
   of interest by defendants *held,* improper where option clauses
   were not the entire contract and were not a stipulation of
   damages for breach of the contract and action was based on
   failure of consideration or breach of the contract of sale
   occurring before the option dates.

2. CONTRACTS—OPTIONS TO COMPEL REPURCHASE—MOOT CASE.
   The fact that options to compel repurchase of an interest in a
   business became timely during trial and appeal in action for
   breach of contract of sale does not render case moot since
   recovery as of date claimed for breach could be substantially
   more valuable than repayment under option clauses at a later
   time.

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 January 9, 1969, at Detroit.
(Docket No. 3,972.)   Decided February 26, 1969.
Leave to appeal denied July 1, 1969.   See 382 Mich
766.

Complaint by Stephen M. Taylor against Earl T.
Prosser, Clifford Prosser, John C. Shreck, and Pros-
ser's Dining and Cocktail Lounge, Inc., a Michigan
corporation, for damages for breach of contract.

REFERENCES FOR POINTS IN HEADNOTES
[1]  17 Am Jur 2d, Contracts §§ 495, 497, 498.
[2]  5 Am Jur 2d, Appeal and Error § 762.

Summary judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

*Eli Friedman,* for plaintiff.

*Prosser, Cowell & Renner,* for defendants.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. Burns, JJ.

PER CURIAM. This is an appeal from a summary judgment of no cause of action.

The parties herein entered into an agreement in September, 1966 whereby plaintiff paid $10,000 and was to receive 20% of the capital stock of Prosser's Dining and Cocktail Lounge, Inc. all of which stock was at that time owned by Earl T. Prosser. As security for the $10,000, plaintiff took a note signed by the three individual defendants. The agreement also contained an option clause by which either party could require resale of the 20% stock interest from plaintiff to defendant, half on August 1, 1967, with the $5,000 to be paid within 12 months, and half on May 1, 1968, the remaining $5,000 to be paid within nine months.

On May 3, 1967, plaintiff filed this action in circuit court seeking return of his $10,000. In essence, he alleged that defendants did not have a state liquor license, and that therefore the agreement was without consideration or had been breached. He also sought to recover $10,000 on the note from the individual defendants and on a claim of unjust enrichment against the corporate defendant.

Defendants countered with a motion for summary judgment based on the terms of the agreement. The trial judge granted the motion, referring to the op-

tion agreement and stating that "the action has been instituted prematurely".

There are two possible ways that the option agreement could render this suit "premature" when filed: (a) if the option itself were the whole contract, then there could be no breach of contract before the first option date, August 1, 1967; (b) if the option represented stipulated damages for breach, then that method could be found by the court to be binding on the parties. However, it is obvious from a reading of the agreement that neither possibility was in fact the case. The agreement was for purchase of part of a business, and was intended to be effective from its signing in September, 1966; it could be breached in May, 1967, and plaintiff is entitled to a trial on that issue. The option agreement makes no reference to breach or stipulated damages; it could be exercised by either party at his sole discretion and was obviously intended to allow either party to terminate the deal if it proved unsatisfactory, for whatever reason.

It has been suggested that the exercise of the options would make this case moot by this time. However, $10,000 awarded to plaintiff as of May, 1967, could be substantially more valuable than $10,000 paid under the option agreement ($5,000 as late as August, 1968, and the remaining $5,000 as late as February, 1969).

Reversed and remanded for trial. Costs to appellant.